**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| **RYAN CARABOOLAD,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**SUN TAN CITY, LLC,** a Kentucky company,<br><br>*Defendant.* | Case No. 3:19-CV-444-CRS |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY THIS CASE**

Plaintiff Ryan Caraboolad responds in opposition to Defendant Sun Tan City's motion to dismiss, or in the alternative, to transfer or stay this case.

**INTRODUCTION AND BACKGROUND**

On October 3, 2018, Plaintiff filed a putative class action complaint in the District of South Carolina asserting claims against Sun Tan City under the TCPA's autodialer and do not call list provisions.  Plaintiff's original action was filed less than two weeks after another consumer who received text messages similar to those Plaintiff received filed suit against Sun Tan City in the Southern District of Florida under the same two provisions of the TCPA.

In response to Plaintiff's South Carolina complaint, Sun Tan City filed a motion to dismiss based primarily on a lack of personal jurisdiction over it in South Carolina, arguing that the proper forum for Plaintiff's claims was the Western District of Kentucky.  Based on Sun Tan City's motion to dismiss, Plaintiff dismissed the South Carolina action and ultimately refiled his complaint here, asserting one claim under the TCPA's do not call list provision and another claim, on behalf of a subclass of South Carolina residents, under South Carolina's Telephone

Privacy Protection Act.  At the time Plaintiff refiled in this District, the Southern District of Florida action had been stayed for approximately six months pending a possible ruling from the FCC regarding what constitutes an autodialer.  The Southern District of Florida action remains stayed more than two months later even though there is no indication of when the FCC may ultimately rule.

Notwithstanding, Sun Tan City argues that based on the first to file rule this Court should either dismiss, transfer, or stay Plaintiff's claims in favor of the indefinitely stayed, but partially overlapping Southern District of Florida action.  Neither form of relief is appropriate. Dismissal based on the first to file rule is inappropriate because it would in effect be with prejudice as a result of Plaintiff's voluntary dismissal of the South Carolina action.  Transfer and stay based on the first to file rule are inappropriate because it would be inequitable for Plaintiff to be required to wait for the Southern District of Florida to lift the stay over the action against Sun Tan City when the stay relates exclusively to a TCPA autodialer claim that has not been asserted in this action, and would otherwise needlessly delay resolution of Plaintiff's South Carolina Telephone Privacy Protection Act claim, which will not be resolved as part of the Southern District of Florida action.

The Court should therefore deny Sun Tan City's motion in total.

## ARGUMENT

### The Court Should Not Dismiss Plaintiff's Claims with Prejudice

"When the first-to-file rule has been properly raised, a district court presiding over the second-filed case has four options: (1) dismiss the case without prejudice; (2) transfer the second-filed case to the district in which the first-filed case is pending; (3) stay proceedings in the second-filed case while the first-filed court decides whether to retain or relinquish

jurisdiction; or (4) proceed without interruption." *Lang v. First Advantage Background Servs. Corp.*, No. 15-CV-2436, 2016 U.S. Dist. LEXIS 22537, at *3-4 (N.D. Ohio Feb. 24, 2016). Notably, these options do not include dismissal with prejudice of the second filed action. *See id.* However, because Plaintiff previously dismissed the South Carolina action based on Sun Tan City's argument that the court there lacked personal jurisdiction over it, any dismissal here based on the first to file rule would be a dismissal of Plaintiff's claims with prejudice. The Court is therefore precluded from dismissing Plaintiff's claims here based on the first to file rule. *See id.*; *see also Burger v. Am. Maritime Officers Union*, 170 F.3d 184, [published in full-text format at 1999 U.S. App. LEXIS 41284 (5th Cir. 1999) (unpublished table opinion) ("it is an abuse of discretion to dismiss the claims in the second-filed court with prejudice"); *Asset Allocation & Mgt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 571 (7th Cir. 1990) (vacating order mandating dismissal of second-filed claim with prejudice); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 (5th Cir. 1992) ("Dismissal with prejudice, however, would be an abuse of discretion.").

### The Court Should Not Stay This Case Pending Resolution of, or Transfer this Case to be Consolidated with, an Indefinitely Stayed Case

"District courts have the discretion to dispense with the first-to-file rule where equity so demands." *Lang*, 2016 U.S. Dist. LEXIS 22537, at *3-4 (finding that the "delay" resulting from multiple stay orders in the first filed action were a "strong reason" to deny a motion under the first to file rule). More specifically, a motion to transfer or stay under the first to file rule should be denied if granting such relief "would further delay an overlong conflict." *See Nanologix, Inc. v. Novak*, No. 4:13-CV-1000, 2013 U.S. Dist. LEXIS 172644, at *11-12 (N.D. Ohio Dec. 9, 2013) ("Whether their dispute lands in California or Ohio, the parties must conduct discovery, and continuing to defer discovery serves no purpose. Pursuant to its broad discretion to resolve a

first-to-file conundrum equitably, the Court orders this case to proceed to discovery."); *cf. Mack Indus. of Kalamazoo, LLC v. J3 Eng'g Grp., LLC*, No. 1:18cv1806, 2018 U.S. Dist. LEXIS 195109, at *15 (N.D. Ohio Nov. 15, 2018) ("To proceed in this case without interruption is not prudent because there are motions pending in both courts and there is a risk that the two courts may rule inconsistently.").

Here, the first filed action in the Southern District of Florida was stayed very early in litigation pending a ruling from the FCC regarding what constitutes an autodialer.  There is no indication of when the FCC will rule on this issue, making the stay of the Southern District of Florida action indefinite, and, more importantly, resolution of the autodialer issue by the FCC or the Southern District of Florida is irrelevant to Plaintiff's action, because Plaintiff does not assert a claim under the TCPA's autodialer provision.  Regardless of the FCC's autodialer ruling, Plaintiff will be entitled to pursue all of the claims he has asserted against Sun Tan City in this action.

Similarly, the court in the first filed action has not ruled on any substantive matters that may be raised in this action, and there are no motions pending in the first filed action.  More importantly, even if the Southern District of Florida court may ultimately resolve the merits of a TCPA do not call list claim against Sun Tan City if it ever lifts the pending stay, that court will not resolve Plaintiff's South Carolina law claim.  Thus, although there is some overlap between the claims and classes in the first filed action and this action (first commenced by Plaintiff less than two weeks after the Southern District of Florida action), the Southern District of Florida action does not have the potential to be dispositive of all of Plaintiff's claims.

Thus a transfer for consolidation with, or a stay pending resolution of, the Southern District of Florida action will serve only to needlessly delay resolution of Plaintiff's claims on

behalf of the putative classes in this action. *See Hertel v. Bank of America, N.A.*, No. 1:11-CV-757, 2012 U.S. Dist. LEXIS 130232 (W.D. Mich. Sept. 13, 2012) (court refused to abstain when, because parties and issues were not similar and there was no race to the courthouse, first-to-file rule did not apply); *Perfecta Prods., Inc. v. Expedite Prods., Inc.*, No. 4:11CV00146, 2011 U.S. Dist. LEXIS 42742 (N.D. Ohio Apr. 20, 2011)  (refusing to transfer or stay case where there was limited overlap of parties in first and second filed cases); *Espey & Assocs. v. Principal Mfg. Corp.*, No. 1:08-CV-2117, 2009 U.S. Dist. LEXIS 6693, at *11-13 (N.D. Ohio Jan. 15, 2009) ("But because 'a party has a right to a determination of its rights and liabilities without undue delay,' 'a court must tread carefully in granting a stay of proceedings.' … The party seeking a stay has the burden of showing 'that there is a pressing need for delay.'").

The Court should therefore deny Sun Tan City's motion in total.

August 14, 2019

*/s/ Avi Kaufman*
Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Larry Ashlock
Ashlock Law Group, PLLC
236 W. Dixie Ave.
Elizabethtown, KY 42701
Telephone (270) 360-0470
Larry@AshlockLawGroup.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Ave. #1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff and the putative Classes*

*\*Admitted Pro Hac Vice*