UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RYAN CARABOOLAD, individually, and on behalf of
all others similarly situated                                          PLAINTIFF

vs.                                          CIVIL ACTION NO. 3:19-CV-00444-CRS

SUN TAN CITY, LLC                                                     DEFENDANT

## MEMORANDUM OPINION

### I. Introduction

This matter is before the Court on Defendant Sun Tan City, LLC's ("STC") motion to dismiss or, in the alternative, to transfer or stay this case. DN 7. Plaintiff Ryan Caraboolad ("Plaintiff") filed a response, DN 17, and STC filed a reply. DN 18. The matter has been fully briefed and is ripe for adjudication. For the reasons stated herein, STC's motion will be granted.

### II. Factual Background and Procedural History

This is a class action brought under the Telephone Consumer Protection Act ("TCPA") and the South Carolina Telephone Privacy Protection Act ("SCTPPA"). Defendant STC operates a chain of Sun Tan City tanning salons.[1] DN 7-1 at 3. Plaintiff is an Ohio resident who allegedly registered his cell phone number with the National Do Not Call Registry in 2007. DN 1 at 2. Plaintiff alleges that he received unsolicited text messages from STC between January and August of 2018 in violation of the TCPA and the SCTPPA. *Id*. at 3–4. Plaintiff has brought this suit on behalf of two proposed putative classes: (1) the "Do Not Call Registry Class," and (2) the "SCTPPA Class." *Id*. at 5. Plaintiff defines the "Do Not Call Registry Class" as:

---

[1] STC asserts that it has been "named incorrectly" in Plaintiff's complaint and that the named defendant should be one of its affiliates, STC Management Group, LLC. DN 7-1.

1

> All persons in the United States whom for four years prior to filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called/texted more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose for selling Defendant's products and services.

*Id*. Plaintiff defines the "SCTPPA Class" as:

> All persons in South Carolina who during the relevant limitations period: (1) Defendant (or an agent acting on behalf of Defendant) called/texted, (2) for substantially the same reason that Defendant called Plaintiff, (3) after the person's phone number had been listed on the national Do Not Call Registry.

*Id.* Plaintiff alleges STC violated 47 U.S.C. § 227(c)(5) of the TCPA "because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period sent by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200." *Id*. at 8. Plaintiff further alleges that the same conduct violated S.C. Code § 37-21-70 of the SCTPPA. *Id.* at 8–9.

Plaintiff seeks the following relief for the alleged violations of the TCPA and the SCTPPA. For his claim under the TCPA, "Plaintiff and the Do Not Call Registry Class suffered actual damages and, under 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200." DN 1 at 8. For his claim under the SCTPPA, "Plaintiff and the other members of the SCTPPA Class are entitled to a minimum of $1,000 in damages, and up to $5,000 in damages, for each violation and attorneys' fees." *Id.*

This action is not the first of its kind filed against STC in federal court. Sarah Goodman ("Goodman") filed a class action against STC on September 20, 2018 in the United States District Court for the Southern District of Florida ("Florida Action"). DN 7-2. In that suit, Goodman proposed two putative classes: (1) the "No Consent Class," and (2) the "Do Not Call Registry Class." *Id*. at 8. Goodman defined the "No Consent Class" as:

> All persons who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant, (2) using an automatic telephone dialing

system, (3) for the purpose of soliciting their purchase of a Defendant membership, and (4) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it was supposedly obtained prior express written consent to call the Plaintiff.

*Id*. Goodman defined the "Do Not Call Registry Class" as:

All persons in the United States who for four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

*Id*. at 8–9.

Goodman alleged that STC violated 47 U.S.C. § 227(b) of the TCPA by using "an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent." *Id*. at 11. She further alleges that STC violated 47 U.S.C. § 227(c)(5) "because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200." *Id*. at 12–13. Goodman sought the following relief for the violation of 47 U.S.C. § 227(c)(5): "Plaintiff and the Do Not Call Registry Class suffered actual damages and under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200." DN 7-2 at 13. The Florida Action was stayed on December 27, 2018, pending guidance from the Federal Communications Commission ("FCC") regarding the definition of the phrase "automatic telephone dialing system" under the TCPA. DN 7-4.

On October 3, 2018, two weeks after the Goodman filed the Florida Action, Plaintiff filed a nearly identical action against STC in the United States District Court for the District of South Carolina ("South Carolina Action"). DN 7-3. Plaintiff proposed two putative classes: (1) the "Autodialed No Consent Class," and (2) the "Do Not Call Registry Class." DN 7-3 at 7. Plaintiff defined each class using identical language from the Florida Action. DN 7-2 at 8–9; DN 7-3 at 7. Plaintiff also alleged identical violations of the TCPA as Goodman alleged in the Florida Action. DN 7-2 at 11–13; DN 7-3 at 9–11. Plaintiff did not raise a claim under the SCTPPA in the South Carolina Action. DN 7-3.

STC filed a motion to dismiss for lack of personal jurisdiction in the South Carolina Action. DN 7-1 at 2. Instead of responding, Plaintiff voluntarily dismissed the South Carolina Action on November 29, 2018. DN 18-1. On June 18, 2019, approximately six months after the Florida Action was stayed and Plaintiff voluntarily dismissed the South Carolina Action, Plaintiff filed his complaint with this Court. DN 1.

## III. Legal Standard

STC argues that this Court should dismiss or, in the alternative, transfer or stay this case under the "first-to-file" rule. DN 7. "The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Hubbard v. Papa John's Int'l, Inc.,* No 5:19-CV-22-TBR, 2019 WL 6119242, at *2 (W.D. Ky. Nov. 18, 2019) (citing *Zide Sport Shop of Ohio, Inc., v. Ed Tobergte Assocs., Inc.,* 16 Fed. App'x 433, 437 (6th Cir. 2001)). The first-to-file rule provides that "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Baatz v. Columbia Gas Transmission, LLC,* 814 F.3d 785, 789 (6th Cir. 2016) (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,* 511 F.3d 535, 551 (6th

Cir. 2007)). This rule "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Baatz*, 814 F.3d at 789.

If the district court determines that the first-to-file rule applies, "it may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit." *Baatz*, 814 F.3d at 793 (quoting *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997)(en banc)). The Sixth Circuit has held that this is not an exhaustive list of options available to district courts. *Id.* District courts may exercise their discretion by dismissing the second-filed action. *Id.* District courts may also exercise their discretion by transferring the second-filed case to the district in which the first-filed case is pending. *See NanoLogix, Inc. v. Novak*, No. 4:13-CV-1000, 2013 WL 6443376, at *2 (N.D. Ohio Dec. 9, 2013); *Lang v. First Advantage Background Services Corp.,* No. 15-CV-2436, 2016 WL 740288, at *1 (N.D. Ohio Feb. 24, 2016); *Huellemeier on behalf of Teva Pharmaceutical Industries Ltd. Employee Stock Purchase Plan v. Teva Pharmaceutical Industries Ltd.,* No. 1:17-CV-485, 2017 WL 5523149, at *5–6 (S.D. Ohio Nov. 17, 2017); *Collier v. MedCare Inv. Corp.,* No. 3:18-CV-00331, WL 2364050, at *8–9 (M.D. Tennessee May 24, 2018).

For suits filed in different districts to be duplicative, they must involve "nearly identical parties and issues." *Baatz*, 814 F.3d at 789. In the Sixth Circuit, courts apply the first-to-file rule by evaluating three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake. *Id*. If the analysis supports the application of the first-to-file rule, the court must then determine whether any equitable considerations, including "'inequitable conduct, bad faith, anticipatory suits, [or] forum shopping,' merit not applying the

first to file rule in a particular case." *Id*. (quoting *Certified Restoration Dry Cleaning Network, LLC,* 511 F.3d at 551–552).

IV. **Discussion**

STC argues that this case should be dismissed or, in the alternative, transferred or stayed because "there is a near-total of overlap of the parties and allegations" with the Florida Action and Plaintiff has filed this case to "avoid the Florida Action." DN 7-1 at 5. Plaintiff responds that staying or consolidating the case with the Florida Action would "needlessly delay resolution of Plaintiff's claims" and would "not resolve Plaintiff's South Carolina law claim." DN 17 at 4. The Court will analyze each factor listed above to determine whether the first-to-file rule applies.

A. **Chronology of Events**

The Sixth Circuit has held that "the dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints are filed." *Baatz*, 814 F.3d at 790. This factor "asks which of the two overlapping cases was filed first." *Id.* Here, there is no dispute that the Florida Action was filed on September 20, 2018, approximately nine months before Plaintiff filed his complaint in this case. Therefore, the Court finds that this factor favors applying the first-to-file rule.

B. **Similarities of the Parties**

The Sixth Circuit has held that the first-to-file rule applies when "the parties in the two actions 'substantially overlap,' even if they are not perfectly identical." *Id*. In analyzing the identity of the parties in class action suits, courts "'evaluate the identity of the parties by looking at overlap with the putative class,' even if one of the classes has not yet been certified." *Hubbard*, 2019 WL 6119242 at *3. Further, the Sixth Circuit has held that "where [one] class is included in the [second] class, the plaintiffs substantially overlap, even if the [second class] has 'additional

members.'" *Id*. (quoting *Byler v. Air Methods Corp.,* No. 1:17-CV-236, 2017 WL 10222371, at *3 (N.D. Ohio Aug. 30, 2017)). In short, "'it is of no consequence' that one 'putative class is narrower' than the other." *Id*.

There is significant overlap between the parties in this case. First, STC is the only named defendant in the Florida Action and this case. DN 1; DN 7-2. Second, there is substantial, almost complete, overlap between the putative classes. Indeed, the "Do Not Call Registry Class" definitions in this case and the Florida action are substantively identical. *See* DN 1; DN 7-2.

Plaintiff includes the "SCTPPA Class" in this case to accompany their SCTPPA claim. But, this class does not incorporate any additional plaintiffs to the "Do Not Call Registry Class." The SCTPPA Class includes all persons in South Carolina who were contacted by the Defendant "after the person's phone number bad been listed on the national Do Not Call Registry." DN 1 at 8. Based on Plaintiff's definition, the "SCTPPA Class" is merely a subgroup within the larger "Do Not Call Registry Class." Accordingly, since the "Do Not Call Registry Class" in the Florida Action is substantively identical to this case, the "SCTPAA Class" necessarily falls within the scope of the Florida Action's "Do Not Call Registry Class." Therefore, the Court finds that the parties in this case and the Florida Action substantially overlap and this factor favors applying the first-to-file rule.

### C. Similarities of the Issues or Claims at Stake

The Sixth Circuit has held that "[j]ust as with the similarities of the parties factor, the issues need only to substantially overlap in order to apply the first to file rule." *Baatz*, 814 F.3d at 791. "The issues need not be identical but they must be 'materially on all fours' and have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id*. (quoting *Smith,* 129 F.3d at 361). Further, "[t]he presence of additional issues does not

7

necessarily preclude a finding of substantial similarity where 'the core of the claim is the same.'" *Hubbard*, 2019 WL 6119242 at *3 (quoting *Watson v. Jimmy Johns, LLC,* No. 2:15-CV-786, 2015 WL 4132553, at *4 (S.D. Ohio July 8, 2015)).

This Court has previously held that there can be substantial overlap among the issues presented between two cases even when the claims arise under different state laws. In *Hubbard*, plaintiffs filed a class action in the United States District Court for the Southern District of New York under the Fair Labor Standards Act, the New York Labor Law, the Delaware Minimum Wage Act, the Pennsylvania Wage and Hour Law, and the New Jersey Wage and Hour Law. *Hubbard*, 2019 WL 6119242 at *1. The plaintiffs filed a motion to amend their complaint to add additional named plaintiffs and additional state law claims. *Id*. The court denied their motion. *Id*. After this denial, Plaintiffs filed a second case in the United States District Court for the Western District of Kentucky alleging violations of Kentucky, Colorado, Florida, Illinois, Maryland, and Minnesota's minimum wage laws. *Id*. This Court held that because the plaintiffs alleged nearly identical facts, proposed the same theory of liability, and sought substantively similar relief, the issues substantially overlapped with the Southern District of New York action. *Id*. at 4–5. The fact that the claims arose under different state laws did not sufficiently distinguish the issues presented in the second-filed action from the issues presented in the first-filed action. *Id.* at 4. Rather, the Court focused on the similarity between the alleged facts, theory of liability, and relief sought.

The Court finds *Hubbard* instructive. In this case, the complaint in the Florida Action alleges nearly identical facts as Plaintiff's complaint. *See* DN 1; DN 7-2. The theory of liability is identical: STC called and texted individuals, who had registered with the national "Do Not Call Registry," without consent. DN 1 at 8; DN 7-2 at 12–13. Further, Plaintiff seeks identical relief for the alleged violation of 47 U.S.C. § 227(c)(5). DN 1 at 8; DN 7-2 at 13. The only articulable

distinction between the two cases is Plaintiff's claim under the SCTPPA. While the SCTPPA was not raised in the Florida Action, the alleged conduct, theory of liability, and relief sought are the same for the SCTPAA claim as they are for the Florida Action. The SCTPPA claim is merely a different vehicle for the same alleged conduct; it does not present any novel factual issues or legal theories to this Court. Accordingly, the Court finds that there is substantial overlap among the issues presented in this case and the Florida Action, and this factor favors applying the first-to-file rule.

### D. Equitable Considerations

Since this Court finds that the three factors support the application of the first-to-file rule, this Court must also "determine whether any equitable considerations such as evidence of 'inequitable conduct, bad faith, anticipatory suits, [or] form shopping,' merit not applying the first-to-file rule." *Hubbard*, 2019 WL 6119242 at *5. While the application of the first-to-file rule is not a strict mandate, "deviations from the rule should be the exception, rather than the norm." *Baatz*, 814 F.3d at 792.

Plaintiff argues that dismissing, staying, or transferring this case will "serve only to needlessly delay resolution of Plaintiff's claims on behalf of the putative classes in this action." DN 17 at 4–5. Plaintiff waited over six months to file this case after he voluntarily dismissed the South Carolina Action. It is clear that Plaintiff is not concerned with swiftly litigating his particular claim with this particular Court. Rather, he is dissatisfied with the Florida Action and seeks judgment elsewhere. While Plaintiff may not be happy with the delay in the Florida Action, it is insufficient to persuade this Court to deviate from the first-to-file rule. Therefore, the Court finds no equitable consideration that merits not applying the first-to-file rule in this case.

## V. Conclusion

For the reasons stated herein, a separate order will be entered this date granting Defendant Sun Tan City LLC's motion. DN 7. While the Court has the discretion to dismiss each of Plaintiff's claims, the Court will transfer Plaintiff's TCPA claim to the United States District Court for the Southern District of Florida as related to *Goodman v. Sun Tan City, LLC,* No. 9:18-CV-81281-RLR.

Plaintiff also invoked this Court's jurisdiction for his claims under the SCTPPA as supplemental pursuant to 28 U.S.C. §1367(a). DN 1 at 2. There no longer being a question of federal law, the Court declines to accept supplemental jurisdiction over the SCTPPA claim. Accordingly, Plaintiff's SCTPPA claim will be dismissed without prejudice for lack of jurisdiction.

January 24, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**